PRESENT: All the Justices

WELLMORE COAL CORPORATION

PER CURIAM

v.  Record No. 011755                    September 13, 2002

HARMAN MINING CORPORATION, ET AL.


FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Keary R. Williams, Judge

In this appeal, we consider whether a notice of appeal that was signed only by a foreign attorney, in violation of Rule 1A:4 of the Rules of this Court, requires granting a motion to dismiss.

I. Facts and Proceedings Below

We recite only those facts relevant to the issue of dismissal of this appeal.  Sovereign Coal Sales, Inc. ("Sovereign"), Harman Mining Corporation ("Harman"), and Wellmore Coal Corporation ("Wellmore") entered into a coal supply agreement in 1997.  Sovereign and Harman subsequently filed a motion for judgment against Wellmore, alleging bad faith and breach of the 1997 agreement.  Sovereign, Harman, and Wellmore were each represented by foreign counsel, in association with members of the Virginia State Bar, pursuant to Rule 1A:4 of the Rules of this Court.  David B. Fawcett, III ("Fawcett"), an attorney licensed in Pennsylvania, was admitted, pro hac vice, to represent Harman and Sovereign.  Jeff A. Woods

("Woods"), an attorney licensed in Kentucky, was admitted, pro hac vice, to represent Wellmore.

After a lengthy trial, the jury returned a verdict in favor of Harman and Sovereign and awarded damages in the amount of $6 million. On May 1, 2001, the trial court sent a letter to Fawcett and Woods, informing them that "[a]s a result of Counsels' inability to agree to terms of the Final Judgment Order . . . the [c]ourt has constructed an Order of its own for entry which will be entered effective May 7, 2001."

On May 7, 2001, Pamela J. Fleming ("Fleming"), secretary to the trial judge, mailed the final order to Fawcett with a cover letter stating, "[p]ursuant to Judge Williams' letter of May 1, 2001, enclosed herewith is the Final Judgment Order entered May 7, 2001." The order had been signed by the trial judge, and the face of the order instructed: "Enter this Final Judgment Order this 7th day of May, 2001." In her letter, Fleming instructed Fawcett to endorse the order and forward it to Woods for his signature. Fawcett endorsed and forwarded the order to Woods on May 14, 2001, and on June 1, 2001, Woods' paralegal hand-delivered the fully endorsed order to Fleming.

Wellmore filed a notice of appeal, signed only by Woods. It was received and filed in the office of the Clerk for the Circuit Court for Buchanan County on June 5, 2001. On June 28, 2001, Wellmore filed a notice of entry of appearance of Wayne T.

Horne ("Horne"), an attorney from Grundy, Virginia, for Wellmore. Also on June 28, Wellmore filed an amended notice of appeal "to add additional counsel." Horne signed the amended notice of appeal.

This Court granted Wellmore's petition for appeal by order dated February 21, 2002, and the parties submitted briefs on the merits of their arguments. On April 30, 2002, Harman and Sovereign filed a motion to dismiss Wellmore's appeal based upon Wellmore's failure to comply with Rule 1A:4 and untimely filing pursuant to Rule 5:9(a). Harman and Sovereign maintain that because Wellmore's June 5, 2001 notice of appeal was signed only by foreign counsel, the notice was invalid. They further argue that the amended notice of appeal, which complied with Rule 1A:4, was untimely because it was filed beyond the 30-day time period required by Rule 5:9(a). Harman and Sovereign argue that a valid and timely notice of appeal was not filed; consequently, this Court does not have jurisdiction to hear the appeal.

Wellmore argues that the May 7, 2001 order was "conditional" and did not become a final order until it was fully endorsed by all parties, which occurred no earlier than June 1, 2001. Therefore, Wellmore maintains that the amended notice of appeal was timely filed on June 28, 2001. In the alternative, Wellmore argues that even if the order was final on May 7, 2001, and the June 5, 2001 notice of appeal was "invalid"

3

pursuant to Rule 1A:4, the original notice was not "void." Accordingly, Wellmore maintains that the defect in signature was curable pursuant to Code § 8.01-428(B).

## II. Analysis

Rule 5:9(a) provides that "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment . . . counsel for the appellant files with the clerk of the trial court a notice of appeal. . . ." Rule 5:1(b)(13) clarifies that the "date of entry" of any final judgment "shall be the date the judgment . . . is signed by the judge." In the present case, the face of the final order plainly indicates that it was signed by the trial judge on May 7, 2001. Contrary to the assertion made by Wellmore, there was nothing "conditional" about the entry of final judgment.

Wellmore filed a notice of appeal on June 5, 2001, within the 30-day period required by Rule 5:9(a). However, the notice of appeal was signed only by Woods, Wellmore's foreign counsel. Rule 1A:4 governs the practice of law by foreign attorneys in Virginia. In pertinent part, the Rule states: "Except where a party conducts his own case, a pleading, or other paper required to be served (whether relating to discovery or otherwise) shall be invalid unless it is signed by a member of the Virginia State Bar."

The term "invalid" is defined as "[n]ot legally binding." Black's Law Dictionary 829 (7th ed. 1999). Accordingly, pursuant to Rule 1A:4, the notice of appeal, filed on June 5, 2001, was not legally binding; therefore, it had no legal effect. The June 28, 2001 amended notice was filed beyond the 30-day period contained in Rule 5:9(a). While titled "amended notice," an amendment presupposes a valid instrument as its object. Because the June 5, 2001 notice of appeal was invalid, there was nothing to amend.

Wellmore maintains that the invalidity of the June 5, 2001 instrument was curable pursuant to Code § 8.01-428(B), which provides: "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party . . ." Wellmore asserts that the purpose of Code § 8.01-428(B) is to allow for correction of defects in form. According to Wellmore, the lack of the required signature on its notice of appeal constitutes such a defect. Therefore, Wellmore maintains that the amended notice of appeal served to correct the defect in form in the original notice, pursuant to Code § 8.01-428(B).

We recognize that Code § 8.01-428(B) provides for the correction of clerical errors; however, the signature defect at issue in the present case is not a "clerical error" as

5

contemplated by the Code.  "Scrivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes."  Zhou v. Zhou, 38 Va. App. 126, 133, 562 S.E.2d 336, 339 (2002).  Such errors cause the court's record to fail to "speak the truth."  Id. (citing School Bd. of the City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989)).  Examples of clerical errors include a typographical error made by a court reporter while transcribing a court proceeding, Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981), or an unintended error in the drafting of a divorce decree, Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981).  The failure of Wellmore's Virginia counsel to append his signature to the notice of appeal, as required by Rule 1A:4, does not constitute a clerical error contemplated by Code § 8.01-418(B); accordingly, Code § 8.01-428(B) provides Wellmore no relief in the present case.

Based upon the failure of the notice of appeal to comply with Rule 1A:4 and the filing of the amended notice outside the 30-day requirement of Rule 5:9(a), we will grant Harman's and Sovereign's motion to dismiss Wellmore's appeal.  See School Bd. of the City of Lynchburg, 237 Va. at 556-57, 379 S.E.2d at 323.

Dismissed.

6