*430 LACY, Justice.
The trial court granted Vivian and Charles Adu-Gyamfi a non-suit in a proceeding in which their motion for judgment was signed by an attorney whose license to practice law in the Commonwealth had been administratively suspended by the Virginia State Bar. We will reverse the judgment of the trial court because an attorney whose license has been administratively suspended is not authorized to practice law and, thus, any pleadings filed by such attorney are invalid.
Proceedings
On January 29, 2004, Burman A. Berger filed a motion for judgment on behalf of his clients, Vivian and Charles Adu-Gyamfi, for injuries they suffered in an automobile accident allegedly caused by Gizachew Nerri. When Berger signed the pleading, his license to practice law in this Commonwealth had been suspended. On July 9, 2004, Nerri filed a motion seeking, inter alia, to strike the pleadings in the case because Berger was not a member in good standing of the Virginia State Bar at the time he filed the motion for judgment.
At the hearing on Nerri's motion, Berger conceded that his license to practice law had been administratively suspended at the time the motion for judgment was filed and that his license had not been reinstated. The Adu-Gyamfis, acting pro se, then asked for a non-suit. The trial court granted the motion for non-suit. We granted Nerri an appeal.
Discussion
In an exhibit attached to Nerri's motion to strike, the Virginia State Bar certified that Berger was an "ACTIVE MEMBER OF THE VIRGINIA STATE BAR, NOT IN GOOD STANDING," and that his license to practice law had been suspended since March 19, 2003, for non-compliance with the requirements for continuing legal education, failure to pay annual membership dues, and failure to file an insurance certification. Even though the State Bar's description of Berger's status implies that he remains a member of the Virginia State Bar during the period of his suspension, under the statutes and rules regulating the practice of law and licensing of lawyers Berger was not authorized to practice law during this period.
Berger's license was suspended pursuant to Paragraph 19 of Part 6, § IV of the Rules of Court. Under the provisions of that paragraph, a licensed attorney who fails to comply with the rules relating to membership including the requirement for continuing legal education is notified by the Secretary-Treasurer of the State Bar that his or her license to practice law will be suspended if he or she does not correct the deficiency within 60 days and pay a delinquency fee. If the deficiency is not corrected and delinquency fees are not paid, the attorney's license is suspended and the attorney may no longer practice law in the Commonwealth "or in any way hold himself out as a member of the Virginia State Bar." Paragraph 19 also provides that the attorney's "membership in the Virginia State Bar" may only be reinstated upon meeting the conditions set out in that paragraph.
As these provisions demonstrate, the status of an attorney during the time his or her license is administratively suspended is no different from that of an individual or an attorney who has never been licensed in Virginia - neither is authorized to practice law in this Commonwealth and both are subject to prosecution for practicing law without a license. Code § 54.1-3904. We have held that a pleading signed by a foreign attorney who is not authorized to practice law in this Commonwealth is invalid and has "no legal effect." Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002); Rule 1A:4. Just as there is no practical distinction between the ability of the unlicensed foreign attorney to practice law and the attorney on administrative suspension, we find no rational basis to treat the pleadings filed by the former as invalid and those filed by the latter as valid.
Berger was not entitled to practice law in this Commonwealth at the time he signed and filed the motion for judgment on behalf of the Gyamfis. That pleading was invalid and had no legal effect. Therefore, no valid proceeding was pending which could be non-suited.
*431 Accordingly, we will reverse the judgment of the trial court and enter judgment in favor of Nerri.
Reversed and final judgment.