# CIRCUIT COURT OF FAUQUIER COUNTY

Ronald P. Bernhard

v.

Jesse Lee Washington
and State Farm
Automobile Ins. Co.

October 18, 2005

Case No. (Law) CL04-143

BY JUDGE JEFFREY W. PARKER

This matter comes on Defendant's Motion to Dismiss this proceeding pursuant to Supreme Court Rule 1A:4 upon the ground that the Motion for Judgment filed in this case is invalid as it was not signed by a member of the Virginia State Bar. The facts in this situation are relatively undisputed.

The Motion for Judgment was filed on April 26, 2004, seeking damages resulting from an automobile accident and purported to be signed by James F. Hurd, Jr. Esq., a Member of the Virginia State Bar, and William L. Kohler, Jr., Esq., a Member of the Maryland Bar.

The Motion for Judgment appears to contain the signatures of both individuals; however, the Defendant in his Motion alleged that, upon further review, his attorneys concluded that Mr. Kohler, the member of the Maryland Bar, signed both names to the pleading. Mr. Hurd conceded under oath in testimony taken before this Court pursuant to the Motion of the Defendant that he had not, in fact, signed the subject Motion for Judgment, but had reviewed the draft, made some minor changes, and authorized Mr. Kohler to sign his name on his behalf. He further conceded that he did not direct Mr. Kohler to disclose an agency relationship, but simply directed Mr. Kohler to sign his name.

The question before the Court is, does this verbal authorization by Mr. Hurd place this pleading into conformity with Rule 1A:4? Rule 1A:4 states in pertinent part that "except where a party conducts his own case, a pleading or other paper required to be served (whether related to discovery or otherwise) shall be *invalid* unless it is *signed* by a member of the Virginia State Bar." (Emphasis added.)

It was argued by counsel for the Defendant that the word "signed" means that the individual himself, and not at the direction of another, must physically place his name upon the document. Defense counsel cited in particular *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279 (2002), as supporting authority. In *Wellmore Coal*, a Kentucky attorney noted the appeal of a case. The Kentucky attorney had been admitted *pro hac vice* in association with a member of the Virginia State Bar, but only the Kentucky attorney signed his name to the appeal. Subsequently, the Virginia attorney noted his appearance, but after the thirty day appeal period had run. The Court in *Wellmore Coal* found the Notice of Appeal to be invalid pursuant to Rule 1A:4 and the addition of the Virginia attorney's signature after the appeal period was insufficient to rescue the Notice. The Court was very explicit in stating that invalid means "not legally binding." *Id.* at 283.

Certainly, this Court agrees with Defense Counsel in that the signature of a Virginia attorney must be attached to the pleading. But is the pleading invalid because the Virginia attorney himself did not sign the pleading?

What distinguishes the case at Bar from *Wellmore Coal* is that Mr. Hurd's name was, in fact, attached to the pleading. The question, then, becomes does the Rule require a physical signature or merely the authorized attachment of a signature by another person.

This appears to be a case of first impression and related matters appear to be of little help. Estate cases will permit a testator to allow some other person in his presence and by his direction in such a manner as to make it manifest that his name is intended as his signature to be valid. *Peake v. Jenkins*, 80 Va. 293 (1885). However, it is important to note that Va. Code § 64.1-49 expressly authorizes this action and, further, the individual signing on behalf of the testator must be in the presence of the testator.

Perhaps more helpful in answering this question is the very definition of the words "signature" and "signed." The Uniform Commercial Code defines signature as "any name, mark, or writing used with the intention of authenticating a document." Uniform Commercial Code § 1-201(39). The *Restatement (second) of Contracts*, § 134 (1979) contains the statement that "the signature to a memorandum may be any symbol made or adopted with an

intention, actual or apparent to authenticate the writing as that of a signer." *Black's Law Dictionary* (7th ed. 1999) defines signature as "a person's name or mark written by that person or at that person's direction."

Thus, it would appear that the word "signature" is more than merely the writing of a name by the individual bearing that name, but is the use of that individual's name with the intention to authenticate the writing in the document as that of the signer.

In anticipating this argument, counsel for the Defendant argued that the term "signed" requires a physical act of the named individual and that, if the Supreme Court had wanted to use a broader definition of the term, then it could have done so in the Rules by using the term "affixing a signature" to a document, rather than using the word "signed."

While at first blush this may appear persuasive, the Court would observe that *Black's Law Dictionary* reads to "sign" is to "identify (a record) by means of a *signature*, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it." Therefore, "signed" means placing a signature with permission upon the document. A "Signature" is more than the mere physical act of signing the document by that specific individual, but represents an endorsement or approval of the document.

As is often observed, stamped signatures are used by parties, including this Judge's predecessor, on many official documents. Such stamps, when used with proper authority, have the same efficacy as a physical signature upon the document.

It should be further noted that none of the cases cited by the Defendant included a situation in which a signature was determined to be invalid when authorized by the principal at the inception of the signature.

Therefore, although this Court does not approve as a wise practice the method employed by Plaintiff's counsel in this instance, particularly in light of the nondisclosure of the method of signature, the Court holds that in this case, the permissive act of Mr. Kohler signing Mr. Hurd's name to the pleading had the same legal effect as a physical signature of Mr. Hurd himself and, therefore, constituted a signing of the document by Mr. Hurd.