PRESENT: All the Justices

VENUNADH KONE, ADMINISTRATOR OF THE ESTATE OF JAMPAL R.
GUMMALLA, DECEASED

v.  Record No. 052025   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        June 8, 2006
CLAUDE W. WILSON, M.D., ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge


     In this appeal, we consider whether the administrator of a

decedent's estate may file a wrongful death action pro se.

     In November 1999, Jampal R. Gummalla entered Bon Secours-

St. Mary's Hospital, Inc. (the hospital), presenting symptoms of

headache, fever, vomiting, and memory loss.  After several tests

were administered, Dr. Michael D. Mandel and Dr. Claude W.

Wilson consulted with each other concerning the diagnosis and

treatment options for Gummalla.  Dr. Wilson later performed a

biopsy of a mass discovered on Gummalla's brain.  Gummalla's

condition worsened following complications from the procedure,

and he died in January 2000.

     Venunadh Kone qualified as the administrator of Gumalla's

estate in November 2001.  Kone, represented by counsel, timely

filed three separate wrongful death actions in the circuit court

against the hospital, Dr. Mandel, and Dr. Wilson, alleging that

Gumalla's death was caused by the negligence of each defendant.

The three actions were consolidated and ultimately terminated by nonsuit in July 2004.

In December 2004, Kone, proceeding without counsel, filed a single wrongful death action against the hospital, Dr. Mandel, and Dr. Wilson (collectively, the healthcare providers).  Kone is not licensed to practice law in Virginia.

The hospital and Dr. Mandel moved to strike the motion for judgment, arguing that Kone was engaged in the unauthorized practice of law by pursuing a wrongful death action without counsel.  Kone responded that he was entitled to proceed pro se because, as the administrator of the estate, he represented the interests of Gumalla's beneficiaries.  The circuit court held that Kone could not proceed without counsel but refused to strike the motion for judgment, stating that dismissal of the action would not be in the interest of substantial justice.  The circuit court directed that Kone retain a licensed Virginia attorney.

After an attorney licensed in Virginia filed a notice of appearance on Kone's behalf in April 2005, the healthcare providers moved to strike Kone's motion for judgment on the ground that Kone had failed to file any pleading that would have tolled the statute of limitations.  In support of their argument, the healthcare providers cited this Court's holding in Nerri v. Adu-Gyamfi, 270 Va. 28, 613 S.E.2d 429 (2005), that a

2

pleading signed by one who is not a duly licensed attorney and is acting in a representative capacity is invalid and without legal effect.  The healthcare providers asserted that based on Nerri, Kone's motion for judgment filed in December 2004 was a nullity, and that the six-month statute of limitations following the July 2004 nonsuit had expired.  The circuit court agreed and, on that basis, granted the motion to strike the pleadings and dismissed the action with prejudice.  This appeal followed.

Kone argues that the circuit court erred in concluding that the administrator of an estate may not file a wrongful death action pro se.  Kone asserts that in a wrongful death action, a personal representative "steps into the shoes" of the decedent and, under the provisions of Code § 8.01-50, can initiate an action pro se and be sued in his own name.  Kone also contends that the circuit court abused its discretion by refusing to allow his attorney to file an amended motion for judgment, or to permit his attorney's signature to relate back to the date of Kone's initial pleading.  We disagree with Kone's arguments.

A wrongful death action is a statutory action created by Code § 8.01-50, which permits a personal representative of a decedent to bring an action on behalf of the decedent's beneficiaries to recover damages caused by the wrongful act, neglect, or default of another.  Subsection B of this statute vests this right of action in the decedent's personal

3

representative.  Horn v. Abernathy, 231 Va. 228, 237, 343 S.E.2d 318, 323 (1986).  The cause of action, however, does not belong to the personal representative but to the decedent's beneficiaries identified in Code § 8.01-53.  Thus, the personal representative merely acts as a surrogate for the decedent's beneficiaries.  Id.; see Wilson v. Whittaker, 207 Va. 1032, 1036, 154 S.E.2d 124, 128 (1967); Conrad v. Thompson, 195 Va. 714, 721, 80 S.E.2d 561, 566 (1954).

Here, because Kone's right of action existed only to permit him to prosecute the cause of action belonging to Gumalla's statutory beneficiaries, and not to maintain any cause of action personal to Kone himself, he was not entitled to file the wrongful death action pro se.  His surrogate status precluded a pro se filing because he was acting in a representative capacity for the true parties in interest, Gumalla's beneficiaries.  Therefore, we hold that the circuit court correctly concluded that Kone could not file a valid wrongful death action pro se.

Kone argues, nevertheless, that the circuit court should not have dismissed his wrongful death action but should have allowed his attorney to file an amended motion for judgment, or the court should have entered an order "relating counsel's name back to the date the initial pleading was filed" in December 2004.  We disagree.

4

The circuit court was unable to grant either of Kone's requests. First, Kone could not have filed an amended motion for judgment. An amendment to a pleading "presupposes a valid instrument as its object." Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002). Kone's initial motion for judgment was invalid and without legal effect because he signed the pleading in a representative capacity and was not authorized to practice law in this Commonwealth. See Nerri, 270 Va. at 31, 613 S.E.2d at 430; Wellmore Coal Corp., 264 Va. at 283, 568 S.E.2d at 673. Thus, in the absence of a valid motion for judgment, there were no pleadings before the court that could have been amended.

Second, the circuit court lacked authority to grant Kone's request that his counsel's signature relate back to the date of the initial pleading. The provisions of Code §§ 8.01-6 through -6.2, which permit a circuit court to authorize amendments to pleadings to relate back to the date of an original pleading in a case, are limited to instances in which a party seeks to correct a misnomer, add a party, or add a claim or defense. Id. A defect in a signature to a pleading is not a defect that can be corrected pursuant to these statutes. Moreover, because Kone's initial pleading was invalid, there were no valid proceedings pending before the court. Therefore, we hold that

the circuit court did not err in dismissing Kone's motion for judgment.

For these reasons, we will affirm the circuit court's judgment.

<u>Affirmed</u>.