COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


PATRICIA M. JONES

                                                            OPINION BY
v.        Record No. 2426-05-4                 JUDGE ROBERT J. HUMPHREYS
                                                            OCTOBER 24, 2006
STEVEN M. JONES


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Kathleen H. MacKay, Judge[1]

           David E. Fox (John E. Drury, on brief), for appellant.

           Heather A. Cooper (Cooper Ginsberg Gray, PLLC, on brief), for
           appellee.


        Patricia M. Jones ("wife") appeals from a final decree of divorce entered on July 11,

2005.  On appeal, wife contends that the trial court "abused its discretion in regard to the

equitable distribution award," "abused its discretion in regard to discovery sanctions," erred in

determining the date of separation and, thus, the valuation of the property, and "abused [its]

discretion based on bias."  Wife also argues that the suspension of her counsel's law license does

not affect the validity of her appeal.

        Husband moves to dismiss the appeal, arguing that wife's notice of appeal was invalid at

the time it was filed.  Specifically, husband argues that because wife's counsel's license to

practice law was suspended at the time he filed the notice of appeal, the notice had no legal

effect.

---

[1] Judge MacKay entered the final order.  However, Judge Jane Marum Roush heard
arguments regarding several discovery violations, and she entered an order on June 3, 2005
issuing sanctions for those violations.

For the following reasons, we hold that wife's counsel was not authorized to practice law at the time he filed the notice of appeal and, thus, the notice was a "nullity." Accordingly, we dismiss the appeal because we lack jurisdiction to consider it.

BACKGROUND

Steven M. Jones ("husband") filed a bill of complaint for divorce in the Circuit Court of Fairfax County on April 21, 2004. On June 7, 2005, the trial court conducted a hearing regarding equitable distribution and attorney's fees.[2] The trial court issued its ruling from the bench, and on July 11, 2005, the trial court entered a final decree incorporating that ruling.

On August 9, 2005, wife's counsel filed a notice of appeal.[3] However, when wife's counsel filed the notice of appeal, he did not have a valid license to practice law in the Commonwealth.[4]

On October 24, 2005, husband filed a motion to dismiss the appeal as improperly perfected, and, on November 29, 2005, this Court suspended the time for filing the opening brief

---

[2] Because wife violated several orders throughout the discovery phase, the trial court, on June 3, 2005, ordered sanctions. The trial court barred wife's right to pursue spousal support and maintenance and from admitting any documents into evidence that were not produced by the April 29, 2005 discovery deadline.

[3] Wife's previous counsel filed the notice of appeal. Wife's prior counsel was granted leave to withdraw from the case on July 1, 2005.

[4] On July 26, 2005, the Virginia State Bar Disciplinary Board ("VSBDB") indefinitely suspended wife's counsel's license to practice law, pending the outcome of a hearing on a show cause order issued contemporaneously with the suspension. The suspension was in response to an order, entered by the District of Columbia Court of Appeals, suspending wife's counsel's license to practice in the District for failing to cooperate with the District of Columbia Office of Bar Counsel, and for failing to comply with an order of the District of Columbia Board on Professional Responsibility. The VSBDB ordered wife's counsel to appear on August 26, 2005, and show cause why the same sanction should not be imposed in the Commonwealth. The VSBDB continued the hearing on the show cause until September 23, 2005, and then suspended counsel's license for thirty days. The VSBDB gave counsel credit for the time between July 26, 2005 and September 23, 2005, and reinstated his license. In other words, it appears that wife's counsel's suspension ended on August 25, 2005.

pending further order.  On February 15, 2006, this Court entered an order establishing the

briefing schedule and ordering the parties to address whether the appeal was properly perfected.

ANALYSIS

> [T]he status of an attorney during the time his or her license
> is administratively suspended is no different from that of an
> individual or an attorney who has never been licensed in Virginia -
> neither is authorized to practice law in this Commonwealth and
> both are subject to prosecution for practicing law without a license.

Nerri v. Adu-Gyamfi, 270 Va. 28, 30-31, 613 S.E.2d 429, 430 (2005) (citing Code § 54.1-3904).

The Supreme Court of Virginia reasoned that, "[w]e have held that a pleading signed by a

foreign attorney who is not authorized to practice law in this Commonwealth is invalid and has

'no legal effect[.]'"  Id. (citing Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283,

568 S.E.2d 671, 673 (2002); Rule 1A:4)).  Because there is "no practical distinction between the

ability of the unlicensed foreign attorney to practice law and the attorney on administrative

suspension," there is "no rational basis to treat the pleadings filed by the former as invalid and

those filed by the latter as valid."  Id.; see also Kone v. Wilson, 272 Va. 59, 62, 630 S.E.2d 744,

745 (2006) ("[A] pleading signed by one who is not a duly licensed attorney and is acting in a

representative capacity is invalid and without legal effect.").

Wife argues that, because wife's counsel contends he was not aware that his license to

practice law in the Commonwealth was suspended at the time he filed the notice of appeal, the

rule in Nerri should not apply.[5]  Said differently, wife implicitly argues that lack of actual notice

is, or ought to be, a defense to a violation of Code § 54.1-3904.[6]  Therefore, by analogy, wife

_____

[5] Although wife asserts her counsel's ignorance of his suspension as an undisputed fact, and has submitted his affidavit in support of this assertion, the record is silent as to any factual determination to that effect by either the trial court or the VSBDB.  However, for the reasons stated, such a factual finding is not determinative of the issue presented by the motion to dismiss.

[6] Code § 54.1-3904 provides that "[a]ny person who practices law without being authorized or licensed shall be guilty of a Class 1 misdemeanor."

- 3 -

contends that an administrative suspension of a license to practice law is ineffective until the licensee receives actual notice of the suspension. However, because the rule set forth in <u>Nerri</u> is a bright-line rule, we disagree.

The Virginia Supreme Court did not rest its holding on the fact that counsel admitted he knew his license was suspended, nor does <u>Nerri</u> explicitly carve out an exception to the rule for those attorneys who assert that they did not "know" their license has been suspended. In fact, <u>Nerri</u> stands for the proposition that pleadings may only be filed by one of two persons: an attorney who is authorized to practice law in the Commonwealth, or a party, acting *pro se*. <u>See</u> <u>Bryce v. Gillespie</u>, 160 Va. 137, 144, 168 S.E. 653, 655 (1933) ("The right of a party to appear in his own behalf and be heard in the courts is fundamental. It is an inalienable right common to all, guaranteed both by the Constitution of the State and the Constitution of the United States."). Thus, according to <u>Nerri</u>, and as repeated in <u>Kone</u>, when an attorney's license to practice law in the Commonwealth has been suspended, any pleading filed during that time is a nullity. <u>Kone</u>, 272 Va. at 62, 630 S.E.2d at 745; <u>Nerri</u>, 270 Va. at 30-31, 613 S.E.2d at 430.

In this case, wife's counsel's license was suspended on July 26, 2005, and was reinstated after serving a thirty-day suspension. Wife's counsel filed the notice of appeal on August 9, 2005. At this time, his license was suspended and, thus, he was not authorized to practice law in the Commonwealth. Accordingly, we hold that the notice of appeal had no legal effect, and we dismiss the appeal.

CONCLUSION

Since this appeal has not been properly perfected,[7] we lack jurisdiction to decide the

merits of the issues presented, and we dismiss the appeal.

Dismissed.

---

[7] See Virginia Dep't of Corrections v. Compton, 47 Va. App. 202, 213, 623 S.E.2d 397, 402 (2005) (citing Code § 17.1-408 (providing that a "notice of appeal to the Court of Appeals shall be filed in every case within the court's appellate jurisdiction") and Rule 5A:6 (which provides, in pertinent part, that "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals")).