534

# CIRCUIT COURT OF THE CITY OF NORFOLK

Kay Stark

    v.

Stuart Nachman et al.

November 24, 2009

Case No. (Civil) CL09-3443

BY JUDGE EVERETT A. MARTIN, JR.

    The plaintiff has filed this legal malpractice action arising out of the defendants' alleged failure to file a wrongful death action within the time prescribed by the statute of limitations. The wrongful death action would have alleged medical malpractice.

    The plaintiff is the widow of the decedent, Richard Stark, and she qualified as his personal representative. She retained the defendants to prosecute the wrongful death action. The retainer agreement attached to the complaint states the client to be "Kay Stark, Executor of the Estate of Richard A. Stark."

    The defendants have demurred on misjoinder. They claim that only the personal representative can bring this action because (1) a wrongful death action must be brought by a personal representative and (2) the plaintiff was not the defendants' client. I sustain the demurrer without leave to amend.

In *James v. Peyton*, 277 Va. 443, 674 S.E.2d 864 (2009), the court held that the identity of a party in a pleading is to be determined by considering the pleading as a whole, not merely by its caption. Nowhere in the complaint is there an indication that the plaintiff is proceeding in a representative capacity or for the benefit of the statutory beneficiaries.

Actions for wrongful death and legal malpractice are not assignable. Code of Virginia § 8.01-26; *MNC Credit Corp. v. Sickels*, 255 Va. 314, 497 S.E.2d 331 (1998). A wrongful death action must be brought by the personal representative. Va. Code § 8.01-50(B). Any recovery goes to the statutory beneficiaries, not the decedent's estate. *Bagley v. Weaver*, 211 Va. 779, 180 S.E.2d 686 (1971). Even though the widow is in the first class of statutory beneficiaries, children of the decedent are also in that class. Va. Code § 8.01-53. The jury or the court is to determine the distribution of the damages among the beneficiaries after the payment of certain debts. Va. Code § 8.01-54. If a widow, individually, could bring a legal malpractice action arising out of a wrongful death claim, the other statutory beneficiaries could be denied any recovery.

Citing a New York case, *Baer v. Broder*, 447 N.Y.S.2d 538 (App. Div. 1982), the plaintiff claims the demurrer ought to be overruled because she is the "real party in interest." The Virginia Supreme Court has repeatedly rejected this argument in different contexts in wrongful death cases. *Brake v. Payne*, 268 Va. 92, 597 S.E.2d 59 (2004); *Fowler v. Winchester Medical Center*, 266 Va. 131, 580 S.E.2d 816 (2003). See also *Harmon v. Sadjadi*, 273 Va. 184, 639 S.E.2d 294 (2007); *Kone v. Wilson*, 272 Va. 59, 630 S.E.2d 744 (2006). Also, as noted above, a widow is not the only "party in interest" under Virginia's statutes.

While I have had this matter under advisement, the plaintiff has filed a motion for leave to amend the complaint to sue "Individually and as Executrix of the Estate of Richard Stark." The widow's appearance in this action "individually" is improper, and a new plaintiff may not be substituted for an original plaintiff who lacks standing to bring the action. *Chesapeake House v. Virginia National Bank*, 231 Va. 440, 344 S.E.2d 913 (1986). I deny the motion to amend.

### Order

This action came to be heard upon the defendants' demurrer. After having heard the arguments of counsel and considered their written submissions and for the reasons stated in the Court's letter of November 24, 2009, the defendants' demurrer is sustained without leave to amend and this action is dismissed without prejudice. Nothing further remaining to be done herein, this action is stricken from the docket.