156

## CIRCUIT COURT OF THE CITY OF NORFOLK

Debra Louise Lipoli

v.

Carl Philip Stutesman

August 1, 2012

Case No. (Civil) CL12-349

BY JUDGE MARY JANE HALL

The matter comes before the Court on Defendant's Motion to Strike Pleadings and Plaintiff's Motion for Leave to Amend, both of which were heard on July 30, 2012. After the Court announced that the motions were being taken under advisement, Plaintiff's counsel filed a Motion for Nonsuit. The Motions for Leave to Amend and Motion for Nonsuit are denied, and the Motion to Strike Pleadings is granted.

### Procedural Background

Plaintiff filed a Complaint on January 18, 2012. The Complaint bore Plaintiff's individual signature and included the typed names and addresses of her two attorneys. The Complaint was not signed by either attorney. Defendant filed a Motion to Strike Pleadings on February 9, 2012, arguing that the Complaint was defective because her lawyer had not signed it. He filed a Notice of Hearing on June 26, 2012, for July 30, 2012. Plaintiff did not respond to the Motion to Strike Pleadings but filed a Motion for Leave to Amend on July 27, 2012, and tendered an Amended Complaint that bore the signature of counsel. The cause of action alleged in the complaint accrued on March 18, 2010. The Amended Complaint tendered in July would be time-barred unless it relates back to the original unsigned complaint.

 

## Legal Analysis

Va. Code § 8.01-271.1 provides that "every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name" and that a party not represented by an attorney and proceeding pro se "shall sign his pleading, motion, or other paper and state his address." *Shipe v. Hunter*, 280 Va. 480, 483, 699 S.E.2d 519, 520 (2010). Supreme Court of Virginia Rule 1:4(c) provides that "Counsel or an unrepresented party who files a pleading shall sign it and state his address."

In the case at hand, Plaintiff's individual signature is the only signature on the Complaint. Plaintiff signed the pleading but did not provide her address. There is no indication that Plaintiff is an unrepresented party or proceeding *pro se*, because of the names and address of two attorneys on the pleading. The attorneys' names and address appear at the end of the pleading without a signature. The Court finds that Plaintiff is a represented party; therefore, under § 8.01-271.1, an attorney must have signed her pleading.

In *Shipe v. Hunter*, the complaint was signed by an attorney who was not licensed to practice law in Virginia. 280 Va. at 482, 699 S.E.2d at 520. The complaint had the typed name of the plaintiff and the typed name of an attorney who was licensed to practice law in Virginia. Nonetheless, the Court found the complaint lacked the required signature of either a *pro se* plaintiff or an attorney representing him who was licensed to practice law in Virginia as required by statute. 280 Va. at 483, 699 S.E.2d at 520. The Court further held that, because neither a *pro se* plaintiff nor an attorney licensed to practice law in Virginia signed the complaint and because that defect could not be cured by amendment, the circuit court did not err in dismissing the complaint. 280 Va. at 485, 699 S.E.2d at 522.

*Shipe* relies heavily on *Kone v. Wilson*, 272 Va. 59, 630 S.E.2d 744 (2006). In *Kone* the complaint was signed by a person who was neither a pro se plaintiff nor a licensed Virginia lawyer. There, as in *Shipe* and the case at hand, the statute of limitations would have barred the cause of action unless the addition of a proper signature could retroactively cure the initial pleading. The *Kone* Court held that the circuit court lacked authority to grant Kone's request that his counsel's signature relate back to the date of the initial pleading. 272 Va. at 63, 630 S.E.2d at 746. The provisions of Va. Code §§ 8.01-6 through 8.01-6.2, which permit a circuit court to authorize amendments to pleadings to relate back to the date of an original pleading in a case, are limited to instances in which a party seeks to correct a misnomer, add a party, or add a claim or defense. A defect in a signature to a pleading is not a defect that can be corrected pursuant to these statutes. Moreover, because Kone's initial pleading was invalid, there were no valid proceedings pending before the court. *Id.* Based on this authority, the

Motion to Strike the Pleadings must therefore be granted unless Plaintiff is permitted to nonsuit.

Va. Code § 8.01-380(B) grants one nonsuit "as a matter of right" only as to a validly pending proceeding. *Johnston Mem. Hosp. v. Bazemore*, 277 Va. 308, 313-314, 672 S.E.2d 858, 861 (2009). If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending that can be nonsuited. To hold otherwise could give an action that has no legal effect the benefit of the tolling provision and the six-month period in which to refile a nonsuited action provided in Va. Code § 8.01-229(E)(3). *Johnston Mem. Hosp.*, 277 Va. at 313-14, 672 S.E.2d at 861. In *Johnston Mem. Hosp.*, the Court cited to *Nerri v. Adu-Gyamfi*, 270 Va. 28, 613 S.E.2d 429 (2005), where a pleading was held invalid and without legal effect because it had been signed by an attorney whose license to practice law in the Commonwealth had been administratively suspended by the Virginia State Bar. *Nerri*, 270 Va. at 29, 613 S.E.2d at 430. The attorney was not entitled to practice law in the Commonwealth at the time he signed and filed the motion; therefore, the pleading was invalid, and there was no valid proceeding which could be nonsuited. 270 Va. at 31, 613 S.E.2d at 430. Similarly, in the case at bar, the original pleading is invalid because it did not comply with the signature requirements in Va. Code § 8.01-271.1. Therefore, the Complaint is not a valid proceeding which can be nonsuited.

## Conclusion

The statute of limitations bars the cause of action that is described in the Amended Complaint, as it accrued more than two years prior to the filing. The Court cannot authorize an amendment to relate back when the sole purpose is to correct a defect in signature. The defect in the signature causes the action to be an invalid proceeding which cannot be nonsuited. Therefore, the Plaintiff's Motions for Leave to Amend and Motion for Nonsuit are denied, and Defendant's Motion to Strike the Pleadings is granted.