Present:  Hassell, C.J., Koontz, Kinser, Goodwyn, Millette,
          and Mims, JJ., and Russell, S.J.

HARRY SHIPE
                                        OPINION BY
v.  Record No. 091738     SENIOR JUSTICE CHARLES S. RUSSELL
                                    September 16, 2010
MICHAEL J. HUNTER

              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     William T. Newman, Jr., Judge

     In Aguilera v. Christian, 280 Va. 486, 699 S.E.2d 517

(this day decided), we considered the question whether a pro

se litigant may validly authorize a person not licensed to

practice law in Virginia to sign a pleading on the pro se

litigant's behalf.  In this appeal, we consider the closely

related question whether a Virginia lawyer may validly

authorize a lawyer licensed elsewhere, but not in Virginia, to

sign the Virginia lawyer's name to a pleading.

                       Facts and Proceedings

     On May 16, 2008, a complaint was filed in the circuit

court on behalf of Harry Shipe (the plaintiff) against Michael

J. Hunter to recover damages arising out of an automobile

collision that occurred on May 28, 2004.[1]  The complaint bore

the typed signature  "Harry Shipe By Counsel."  That entry was

followed by the written signature "Leo R. Andrews, Jr."

_____

     [1] A previous action had been brought by Shipe against
Hunter on the same cause of action on May 24, 2006 and was
nonsuited on November 30, 2007.

followed by the initials "JW" in parentheses.  Mr. Andrews was named as "Counsel for Plaintiff."  Below that signature appears the name of Jay S. Weiss, named as "Co-Counsel for Plaintiff."  That signature line contains only Mr. Weiss' initials.

It is undisputed that Mr. Andrews is an active member of the Virginia State Bar in good standing, licensed to practice law in Virginia and that Mr. Weiss is a member of the Bar of the District of Columbia in good standing, but is not licensed to practice law in Virginia.  Defense counsel filed a motion for summary judgment on the ground that only Mr. Weiss had actually signed the complaint and that it thus lacked the signature of either a pro se plaintiff or an attorney representing him who was licensed to practice law in Virginia, as required by Code § 8.01-271.1 and Rule 1A:4.  At a hearing on the motion, Mr. Andrews represented to the court that he had not personally signed the complaint but that he had requested and authorized Mr. Weiss to sign his, Mr. Andrews', name.  The circuit court held that the complaint was a nullity, granted the motion for summary judgment and dismissed the case with prejudice.  We awarded the plaintiff an appeal.

## Analysis

Code § 8.01-271.1 provides, with two exceptions not relevant here, that "every pleading, written motion, and other

2

paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name" and that a party not represented by an attorney and proceeding pro se "shall sign his pleading, motion, or other paper and state his address."  Rule 1:4(c) provides:  "Counsel or an unrepresented party who files a pleading shall sign it and state his address."  Rule 1A:4(2) provides that no out-of-state lawyer may appear pro hac vice in any Virginia tribunal except in association with an active member of the Virginia State Bar in good standing.  Rule 1A:4(2) further provides: "Any pleading . . . shall be invalid unless it is signed by local counsel."

We have repeatedly held that a pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity.  Aguilera v. Christian, 280 Va. at 488, 699 S.E.2d at 519; Kone v. Wilson, 272 Va. 59, 62-63, 630 S.E.2d 744, 745-46 (2006); Nerri v. Adu-Gyamfi, 270 Va. 28, 31, 613 S.E.2d 429, 430 (2005); Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002).  The plaintiff argues, however, that a person may make another his agent for the purpose of signing a pleading and that the signature of the agent, if properly authorized by the principal, would be as effective as if the principal had personally signed the pleading.

3

The plaintiff relies on authorities, including the Restatement (Second) of the Law of Contracts and appellate decisions concerning the sufficiency of signatures to satisfy the Statute of Frauds, for the proposition that a signature may be any symbol made or adopted with the intention to authenticate the writing as that of the signer, including initials, thumbprints, or arbitrary code signs. The plaintiff contends that such signatures may be affixed by rubber stamp, typing, photographic process, or by electronic or mechanical printing. There are also a number of statutory provisions relating to signatures that apply to specified documents, such as wills. See, e.g., Code § 64.1-49.

Assuming, without deciding, that the plaintiff's arguments may correctly express the law applicable to writings other than pleadings filed in Virginia tribunals, we do not consider them applicable to the present case. For the protection of the public from harassment by frivolous, oppressive, fraudulent or purely malicious litigation, the General Assembly has chosen to hold attorneys and pro se litigants to a high degree of accountability for the assertions they make in judicial proceedings. To that end, Code § 8.01-271.1 contains the following language:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to

4

the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

To similar effect, Rule 1:4(a) provides:  "Counsel tendering a pleading gives his assurance as an officer of the court that it is filed in good faith and not for delay."  The Virginia Rules of Professional Conduct also prohibit the assertion of frivolous claims or defenses by lawyers.  See e.g., Rule 3.1 (addressing "Meritorious Claims And Contentions").  Because of the strong public policy considerations underlying those statutory provisions and rules, we construe them to require that a lawyer who files a pleading in a Virginia tribunal must append his personal, handwritten signature to the pleading.[2] The statute and rules discussed above have prescribed that requirement to ensure that a lawyer filing a pleading may be

---

[2] Rule 1:5 clearly implies that a member or associate of a law firm signing a pleading must do so in handwriting, by providing that those signatures to (1) briefs and (2) petitions for rehearing (and only those papers) may be printed or typed and "need not be in handwriting."  Rules 1:17(b)(6) and 1:17(d)(3) provide for explicit exceptions to this requirement in cases filed electronically.  Those exceptions are inapplicable here.

5

held fully accountable for any violation of those public policy considerations the pleading may cause.

The plaintiff also contends that the circuit court erred in failing to permit him to remedy the omission of Mr. Andrews' signature on the complaint by adding it "promptly after the omission is called to the attention of the pleader" pursuant to the final sentence of the portion of Code § 8.01-271.1 quoted above. The same question was presented in Kone. In that case a complaint was signed by a person who was neither a pro se plaintiff nor a licensed Virginia lawyer. There, as here, the statute of limitations would have barred the cause of action unless the addition of a proper signature could be held to "relate back" to the date of the initial pleading.

We held in Kone that Code §§ 8.01-6 through -6.2 govern the "relation back" of amendments to pleadings and that those sections authorize such amendments to relate back to the filing of the initial pleading in only three situations: (1) correction of a misnomer, (2) adding a party, or (3) adding a claim or defense. Because supplying a missing signature was not an amendment provided for by those sections, the trial court did not err in refusing to permit the amendment. We further observed that because the initial pleading was invalid, there were no valid proceedings pending before the

6

circuit court that could have been amended.  Kone, 272 Va. at 63, 630 S.E.2d at 746.  Those holdings govern the present case.

## Conclusion

Because neither a pro se plaintiff nor an attorney licensed to practice law in Virginia signed the complaint, and because that defect could not be cured by amendment, the circuit court did not err in dismissing the complaint. Accordingly, we will affirm the judgment.

Affirmed.