Present:  Hassell, C.J., Koontz, Kinser, Goodwyn, Millette, and Mims, JJ., and Lacy, S.J.

BENJAMIN AGUILERA

v.  Record No. 091493

JOHN ANDREW CHRISTIAN

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
SEPTEMBER 16, 2010

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Craig D. Johnston, Judge

In this case we consider whether a party who is acting pro se may authorize a person who is not licensed to practice law in this Commonwealth to sign a complaint on behalf of the pro se party.

I. FACTS

On November 12, 2008, Benjamin Aguilera filed a complaint against John Andrew Christian for personal injuries sustained in an automobile collision that occurred on November 13, 2006. Aguilera did not personally sign the complaint but asked B. Marian Chou, his neighbor and friend, to sign his name on the complaint for him.[1]  Chou signed Aguilera's name on the complaint and placed her initials "bmc" directly above the signature.

Christian filed an Answer and Grounds of Defense in response to Aguilera's complaint and propounded Requests for Admission requesting that Aguilera admit (1) that the signature

---

[1] Chou is an attorney licensed to practice law in Washington, D.C., but Chou is not licensed to practice law in the Commonwealth of Virginia.

on the complaint was not his signature; (2) that the complaint was signed by a person other than himself; (3) that the complaint was signed by Bwo Marian Chou; and (4) that the complaint was signed by an attorney not licensed to practice law in the Commonwealth of Virginia.  Y. T. Hung, an attorney licensed in Virginia, entered his appearance as counsel for Aguilera[2] and filed an objection to Christian's Requests for Admission on the grounds of relevance and attorney-client privilege.

Christian filed motions to deem the requests for admission admitted and for summary judgment.  At a hearing on those motions, Aguilera stipulated that Chou signed Aguilera's name on the complaint.  The court entered summary judgment in Christian's favor.  Aguilera filed a motion for reconsideration and on April 24, 2009, the trial court heard oral arguments on Aguilera's motion.  At this hearing, Hung conceded again that Chou signed Aguilera's name on the complaint and that Chou drafted the complaint for Aguilera.  Hung argued that the signature was valid because Aguilera authorized Chou to sign his name to the complaint.  The trial court dismissed the complaint by order holding that the complaint did not comply with Code

---

[2] Hung also filed a motion to associate Chou pro hac vice for the purpose of appearing and participating with Hung in Aguilera's litigation which the trial court declined to grant because it appeared likely Chou would or could be called to testify.

2

§ 8.01-271.1 because it was not signed by the plaintiff or by an attorney licensed to practice law in Virginia and, therefore the complaint was a nullity. Aguilera filed a timely appeal.

## II. DISCUSSION

Aguilera argues in this appeal that authorizing another person to sign pleadings on his behalf as a pro se plaintiff complies with the signature requirements contained in Code § 8.01-271.1 and Rule 1:4 and, therefore, the trial court erred in concluding the signature was a nullity and dismissing the complaint.

Code § 8.01-271.1 provides in relevant part:

> Except as otherwise provided in §§ 16.1-260 and 63.2-1901, every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney, including a person confined in a state or local correctional facility proceeding pro se, shall sign his pleading, motion, or other paper and state his address.

Rule 1:4 provides in relevant part:

> (c) Counsel or an unrepresented party who files a pleading shall sign it and state his address.

Aguilera asserts that a signature "represents an endorsement or approval of the document." Thus, Aguilera continues, as long as his signature was placed on the pleading with his permission and with his intent "to authenticate it" as his act, he has complied

3

with the requirements of Rule 1:4(c) and Code § 8.01-271.1. We disagree.

Both the statute and the rule unambiguously state that a party not represented by an attorney "shall sign" a pleading. Nothing in this language permits a person other than a licensed attorney to sign a pleading on behalf of an unrepresented party. The policy underlying this requirement is clear. Our legal system allows parties in litigation to proceed either pro se or through representation by a duly licensed attorney.[3] As we explained in Kone v. Wilson, 272 Va. 59, 62-63, 630 S.E.2d 744, 746 (2006), the party with the cause of action may proceed on his own behalf but pleadings signed by a person acting in a representative capacity for the party with the cause of action are a nullity unless such person is licensed to practice law in this Commonwealth. See also Shipe v. Hunter, 280 Va. 480, 483, 699 S.E.2d 519, 520 (this day decided) (signing attorney must be licensed to practice law in this Commonwealth), Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283-84, 568 S.E.2d 671, 673 (2002) (notice of appeal signed by attorney not licensed to practice law in Virginia invalid and has no legal effect).

Accordingly, in this case, Aguilera's signature on the complaint was invalid and a nullity because it was not signed by

_____

[3] Exceptions have been created by statute allowing non-attorneys to file pleadings on behalf of another, but they are not relevant here. See Code §§ 26-106, 16.1-260, 63.2-1901.

Aguilera, the party with the cause of action, or by an attorney licensed to practice law in this Commonwealth.  Therefore, the trial court did not err in dismissing the complaint and we will affirm the judgment of the trial court.

Affirmed.