COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


ARETE N. RUDOLPH

v.      Record No. 1861-15-1

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

ARETE N. RUDOLPH

v.      Record No. 1913-15-1

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

ARETE NICOLE RUDOLPH
                                                                    OPINION BY
v.      Record No. 0628-16-1                      JUDGE RANDOLPH A. BEALES
                                                                    DECEMBER 20, 2016
CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

ARETE NICOLE RUDOLPH

v.      Record No. 0629-16-1

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

JUNIOUS PERNELL BARTLETT

v.      Record No. 1826-15-1

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

JUNIOUS P. BARTLETT

v.      Record No. 0524-16-1

CITY OF NEWPORT NEWS
 DEPARTMENT OF HUMAN SERVICES

Clara P. Swanson for appellant Arete N. Rudolph.

Nathaniel J. Webb, III (Polly Chong, on brief), for appellant
Junious Pernell Bartlett in Record No. 1826-15-1.

Nathaniel J. Webb, III, for appellant Junious P. Bartlett in Record
No. 0524-16-1.

Pamela P. Bates, Assistant City Attorney (Michael P. Jones,
Guardian *ad litem* for the minor children, on briefs), for appellee.

In these appeals, which we now consolidate, Arete N. Rudolph and Junious Pernell

Bartlett ("appellants") assert that certain pleadings filed in the juvenile and domestic relations

district court ("the JDR court") were defective and constituted the unauthorized practice of law.

"[D]ue to the defective and illegal nature of the pleadings" in the JDR court, appellants contend

that these matters were ineligible for appeal to the circuit court because both courts lacked active

jurisdiction to adjudicate these matters on the merits.  For the following reasons, we affirm the

circuit court.

## I. BACKGROUND

These matters were initiated by the filing of two emergency removal petitions for R.B.B.

(born July 1, 2013) and R.J.B. (born November 12, 2010)[1] in the JDR court on October 29, 2013.

The petitions alleged that, on October 29, 2013, the minor children were "in an abused and or

neglected condition" in accordance with Code § 16.1-241.  Sheila Bonardy, a social worker

employed by the Newport News Department of Human Services ("DHS"), affirmed and signed

the emergency removal petitions before the Newport News Court Services Intake Officer.

---

[1] Arete Rudolph is the mother of both children.  Junious Bartlett is the father of R.B.B.
Brandon Brooks is the father of R.J.B.  We use initials for the children in an attempt to help
protect these juveniles' privacy in this appeal.

Bonardy is not an attorney licensed to practice law in the Commonwealth. The Intake Officer then processed the petitions and filed them with the JDR court.

The JDR court entered emergency removal orders for the removal of each child on October 30, 2013, which temporarily placed both children in foster care. After a three-hour hearing on December 4, 2013, the JDR court entered a dispositional order finding that R.B.B. and R.J.B. were abused and neglected children and transferred the children into the custody of DHS. A foster care plan for the children was created with the goal of returning the children to their parents or of placing them with relatives.

On May 13, 2014, the JDR court entered a foster care review order approving of the foster care plan. On September 2, 2014, the JDR court entered a permanency planning order that maintained the goal of returning the children to their home. On January 27, 2015, the JDR court disapproved of the foster care plan containing the permanent goal of the placement of the children with a relative. On February 24, 2015, the JDR court entered its final permanency planning orders approving of the foster care plan of adoption.

Appellants filed a notice of appeal to the circuit court of the final permanency planning orders on February 24, 2015. On September 21, 2015, appellants filed a motion to dismiss in the circuit court. Appellants alleged that the circuit court lacked jurisdiction because DHS's emergency removal and permanency planning petitions were not signed by an attorney. After a hearing on the motion to dismiss on October 26, 2015, the circuit court found that it had both subject matter jurisdiction and active jurisdiction to hear the case. On November 2, 2015, the circuit court entered its permanency planning order affirming the JDR court's permanency planning order for adoption.

On February 10, 2015, Candace Bolden, a nonattorney employee of DHS, signed petitions for the termination of appellants' residual parental rights. Bolden, who is not licensed

to practice law in the Commonwealth, signed the petitions before the Newport News Court Services Intake Officer.  The Intake Officer then processed the petitions and filed them with the JDR court.  After a hearing on December 8, 2015, the JDR court entered orders for the involuntary termination of appellants' parental rights.

Appellants filed a notice of appeal to the circuit court of the termination of parental rights orders on December 9, 2015.  On February 23, 2016, appellants filed a motion to dismiss, alleging that the circuit court lacked jurisdiction because DHS's emergency removal and termination of parental rights petitions were not signed by an attorney.  After a hearing on the motion to dismiss on February 26, 2016, the circuit court found that it had both subject matter jurisdiction and active jurisdiction to hear the case.  On March 21, 2016, the circuit court entered orders affirming the JDR court's termination of the parties' parental rights.

## II. ANALYSIS

In these consolidated appeals, appellants only raise the one issue of law in their assignment of error.  Appellants argue that the form petitions signed by nonattorney employees of DHS in the JDR court constituted the unauthorized practice of law and deprived the courts below of active jurisdiction.[2]  The circuit court's conclusions as to questions of law are subject to *de novo* review on appeal.  Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999).

### A.  Relevant Opinion of the Attorney General of Virginia

The issue of nonlawyer employees of government agencies signing form petitions is not a matter of first legal impression in Virginia.  In an April 29, 1988 opinion, the Attorney General of Virginia noted, "Prior Opinions of this Office consistently conclude that nonlawyer employees of state agencies may appear in court, obtain warrants and present facts, figures and factual

---

[2] Appellants do not contest the sufficiency of the evidence in support of any of the decisions below.

- 4 -

conclusions, as distinguished from legal conclusions, to the court without violating prohibitions against the unauthorized practice of law." 1987-88 Op. Atty. Gen. 637, *3.  The opinion goes on to state, "It does not appear that the completion of form petitions, motions, and notices used in juvenile and domestic relations district courts would constitute the unauthorized practice of law as long as the nonlawyer employee only provides information concerning facts, figures or factual conclusions and does not present legal arguments or legal conclusions." Id. at *3-4.

While an Opinion of the Attorney General is not binding on this Court, it is "entitled to due consideration." Beck v. Shelton, 267 Va. 482, 492, 593 S.E.2d 195, 200 (2004).

> This is particularly so when the General Assembly has known of the Attorney General's Opinion . . . and has done nothing to change it.  "The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view." Browning-Ferris, Inc. v. Commonwealth, 225 Va. 157, 161-62, 300 S.E.2d 603, 605-06 (1983).

Id.  In this particular instance, the General Assembly has evidently acquiesced in the Attorney General's legal conclusion (over the course of twenty years) that the completion of form petitions, motions, and notices used in juvenile and domestic relations district courts by nonlawyer employees of state agencies does not constitute the unauthorized practice of law or otherwise invalidate such pleadings.  In fact, the General Assembly has taken multiple subsequent steps to endorse the Attorney General's conclusions of law on this issue.

*B.  2008 Amendments to Code §§ 8.01-271.1 and 16.1-260*

In 2008, the General Assembly amended Code § 8.01-271.1 to create a statutory exception to the general rule that every pleading of a party represented by an attorney shall be signed by at least one attorney of record.  Code § 8.01-271.1 was amended to state, "*Except as otherwise provided in §§ 16.1-260* and 63.2-1901, every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in

his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action."

That same year, the General Assembly amended Code § 16.1-260(A) to state, "[D]esignated nonattorney employees of the Department of Social Services may complete, sign, and file petitions and motions relating to the establishment, modification, or enforcement of support on forms approved by the Supreme Court of Virginia."  These amendments to Code §§ 8.01-271.1 and 16.1-260 clearly demonstrate that the General Assembly has expressed its agreement that certain nonattorney employees of departments of social services may complete, file, and sign such petitions and motions.  In fact, when it enacted the 2008 amendments to Code § 16.1-260(A), the General Assembly stated that the amendments were "declarative of existing law."  2008 Va. Acts 136, § 2; 2008 Va. Acts 845, § 2.  Thus, the General Assembly has manifested its intention that Code § 16.1-260 permits nonattorney employees of local departments of social services to sign form petitions in juvenile court proceedings.[3]

*C. 2016 Amendments to Code §§ 16.1-260, 54.1-3900, and 63.2-332*

In 2016, the General Assembly again amended Code § 16.1-260(A) by adding the following language:

> designated nonattorney employees of a local department of social
> services may complete, sign, and file with the clerk, on forms
> approved by the Supreme Court of Virginia, petitions for foster
> care review, petitions for permanency planning hearings, petitions
> to establish paternity, motions to establish or modify support,
> motions to amend or review an order, and motions for a rule to
> show cause.

---

[3] Admittedly, the 2008 amendments to Code § 16.1-260(A) only refer to proceedings related to the establishment, modification, or enforcement of child support.  However, the Court notes that the General Assembly considered the 2008 amendments to be merely declarative of existing law.  Thus, this Court will not construe those amendments to *exclude* nonattorney employees of local departments of social services from signing the petitions for emergency removal, petitions for a permanency planning hearing, or petitions for the termination of parental rights filed in these matters.

The General Assembly also amended Code § 54.1-3900 in 2016, which is the statute that describes the proper practice of law in the Commonwealth. Relevant to the issue in these matters, the General Assembly amended the statute by adding the following language:

> Nothing herein shall prohibit designated nonattorney employees of a local department of social services from appearing before an intake officer to initiate a case in accordance with subsection A of § 16.1-260 on behalf of the local department of social services.
>
> Nothing herein shall prohibit designated nonattorney employees of a local department of social services from completing, signing, and filing with the clerk of the juvenile and domestic relations district court, on forms approved by the Supreme Court of Virginia, petitions for foster care review, petitions for permanency planning hearings, petitions to establish paternity, motions to establish or modify support, motions to amend or review an order, or motions for a rule to show cause.

Code § 54.1-3900. In 2016, the General Assembly also added the following language to Code § 63.2-332, describing the powers and duties of directors of local departments of social services:

> The local director shall designate nonattorney employees who are authorized to (i) initiate a case on behalf of the local department by appearing before an intake officer or (ii) complete, sign, and file with the clerk of the juvenile and domestic relations district court, on forms approved by the Supreme Court of Virginia, petitions for foster care review, petitions for permanency planning hearings, petitions to establish paternity, motions to establish or modify support, motions to amend or review an order, or motions for a rule to show cause.

In 2016, the General Assembly amended these statutes in concert (Code § 16.1-260(A), Code § 54.1-3900, and Code § 63.2-332). When describing these amendments in the Acts of Assembly, the General Assembly expressly declared, "That nothing in this bill shall be construed to invalidate prior filings or petitions by local departments of social services or by their employees on behalf of the local department *prior to July 1, 2016*."[4] 2016 Va. Acts 704, § 2 (emphasis added). By stating clearly and unambiguously that the 2016 amendments to these

---

[4] All of the pleadings contested by appellants were filed prior to July 1, 2016.

statutes shall not be construed to invalidate prior filings or petitions, the legislature has declared that these amendments were merely declarative of existing law – just as the 2008 amendments had been eight years prior. Thus, it is clear to this Court that the General Assembly has manifested its express intent that form petitions signed by the employees of local departments of social services *prior to the enactment of the 2016 amendments* would remain valid pleadings.

### D. Appellants' Requested Relief is Contrary to Intent of the Legislature

Appellants argue that the 2016 amendments do not specifically validate the form petitions in this case. Appellants note that Virginia courts have generally held that "pleadings signed by a person acting in a representative capacity for the party with the cause of action are a nullity unless such person is licensed to practice law in this Commonwealth." Aguilera v. Christian, 280 Va. 486, 489, 699 S.E.2d 517, 519 (2010). However, the Supreme Court has recognized that Code § 16.1-260 serves as *a statutorily created exception* to the "nullity rule." Id. at 489 n.3, 699 S.E.2d at 519 n.3. As a recognized exception to the nullity rule, Code § 16.1-260(I) provides that a failure to follow the "procedures set forth in this section *shall not divest the juvenile court of the jurisdiction* granted it in § 16.1-241." Because the juvenile courts are tasked with serving the best interests of the children in such matters, the General Assembly has expressed its desire for juvenile courts to retain jurisdiction in such cases. Accordingly, we find that the application of the nullity rule to divest the juvenile court of active jurisdiction to adjudicate these matters would be inconsistent with the provisions of Code § 16.1-260(I).

It is well established that courts are not permitted to interpret any statute in a way that "would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent." Patterson v. Commonwealth, 62 Va. App. 488, 498, 749 S.E.2d 538, 543 (2013) (quoting Saunders v. Commonwealth, 56 Va. App. 139, 145, 692 S.E.2d 252, 255 (2010)). When the General Assembly's changes and amendments to the relevant statutes and the relevant

April 29, 1988 opinion of the Attorney General are viewed together in the proper context, it is clear that the intent of the General Assembly has been to allow employees of local departments of social services to sign form petitions on behalf of their employer department of social services, provided that those petitions are form petitions approved for use by the Supreme Court (as was the case here). See 2016 Va. Acts 704, § 2 ("That nothing in this bill shall be construed to invalidate prior filings or petitions by local departments of social services or by their employees on behalf of the local department prior to July 1, 2016."). Accordingly, this Court must reject appellants' arguments as the adoption of appellants' requested legal conclusions would necessarily create results that would be in direct contravention of the legislature's clear intent.

### III. CONCLUSION

In summary, this Court concludes that each of the form petitions in these appeals that were signed by nonlawyer employees of DHS were valid pleadings that did not constitute the unauthorized practice of law by those employees. In light of this finding, we reject appellants' contention that the lower courts did not acquire active jurisdiction to adjudicate these matters. For these reasons, we affirm the judgments of the circuit court.

Affirmed.