UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Chafin and Senior Judge Clements
Argued at Lexington, Virginia

DOMINIQUE NYREE WATERS

v.      Record No. 1092-17-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
JULY 3, 2018

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

M. Lee Smallwood, II, Deputy Public Defender, for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Dominique Nyree Waters, appellant, was convicted following a jury trial of robbery and use of a firearm during the commission of a felony. On appeal, appellant contends that the trial court erred by 1) finding that he failed to perfect a timely appeal from the decision of the juvenile and domestic relations district court to transfer his case to the circuit court, 2) failing to "quash the indictments in this case when those indictments had been obtained prior to the entry of an order authorizing the Commonwealth to obtain indictments against" him, and 3) failing to "quash the indictments in this case when those indictments were sought from and returned by a grand jury whose members were not statutorily permitted to serve as grand jurors due to their prior service on a grand jury that had been discharged." Finding no error in the trial court's decision, we affirm appellant's convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We recite only those facts necessary to resolve the issues presented on appeal. On February 6, 2017, the Danville Juvenile and Domestic Relations District Court (the JDR court) held a transfer hearing concerning the felony charges against appellant. After hearing the evidence and argument, the JDR court transferred appellant's case to the circuit court pursuant to Code § 16.1-269.1(A). The JDR court file was transmitted to the circuit court on February 7, 2017. On March 8, 2017, the parties appeared before the trial court on appellant's attempted appeal of the transfer. The trial court observed that the paperwork received from the JDR court did not include a notice of appeal of the transfer order. Appellant's counsel explained that "as is practice in the juvenile court," he "announced [appellant's] appeal of [the transfer] decision" in open court. After the JDR judge "acknowledged" the intent to appeal, counsel "considered the . . . matter to have been appealed." Although not made a part of the record, appellant produced, and the trial court viewed, a notice of appeal signed by appellant's counsel on March 7, 2017. The document had "a date of appeal of 2-6-2017."

The clerk of the JDR court testified that she prepared the notice of appeal on March 7, 2017. She confirmed that "the general practice" is for the clerk in the JDR courtroom to prepare the notice of appeal and that the defendant or defendant's counsel then signs it. She reasoned that, in this case, "[t]he clerk just failed to process the paperwork." Although it was dated February 6, 2017, the notice of appeal was not prepared, signed, or filed until March 7, 2017.

The trial court found that it lacked jurisdiction to hear the appeal because the notice of appeal was not timely filed. The trial court explained:

> Section 16.1-269.4 states that if the juvenile court transfers the
> case pursuant to subsection A of 16.1-269.1, the juvenile may
> within ten days of the juvenile court's final decision file a notice of
> appeal to the appropriate circuit court. That was not done here. It
> may have certainly been the intention of the defendant. It may
> very well have been the understanding of the Commonwealth.

> And it certainly sounds like that was the understanding of the [c]ourt . . . . In this case, the notice of appeal, by the testimony today, was prepared one month after the hearing, not within ten days..

The trial court further noted that the JDR court speaks through its orders. The trial court recognized that the JDR court could not make a *nunc pro tunc* finding or "create something or decide something as a clerical error and . . . create a document that was not created initially." The trial court subsequently found that pursuant to Code § 16.1-269.6, there was substantial compliance with Code § 16.1-269.1, and it directed the clerk to prepare an order allowing the Commonwealth to seek indictments.

## ANALYSIS

### I.

Appellant contends his oral notice was sufficient to perfect his appeal of the transfer order because the JDR court acknowledged his desire to appeal. He asserts that a written notice of appeal was prepared and that it was backdated to February 6, 2017, although he concedes that it was not prepared or signed until March 7, 2017.

Code § 16.1-269.4 states:

> If the juvenile court transfers the case pursuant to subsection A of § 16.1-269.1, the juvenile may, within ten days after the juvenile court's final decision, file a notice of appeal of the decision to the appropriate circuit court. A copy of the notice shall be furnished at the same time to the attorney for the Commonwealth.

Rule 8:20, which governs appeals from the juvenile and domestic relations district courts, provides as follows: "All appeals shall be noted in writing. An appeal is noted only upon timely receipt in the clerk's office of the writing. An appeal may be noted by a party or by the attorney for such party."

Here, appellant did not comply with the requirement that a written notice of appeal had to be filed within ten days of the JDR court's decision. "It is fundamental that the appealing party has the

burden of perfecting his appeal." Sharma v. Sharma, 46 Va. App. 584, 590, 620 S.E.2d 553, 556 (2005) (quoting Commonwealth v. Walker, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997)).

Appellant, acknowledging that Rule 8:20 "seems to suggest that the notice must be filed in writing by the juvenile or his counsel," argues that "[t]here is a conflict in the Rules" because Rule 3A:19 "indicates that the accused or his counsel shall advise the judge or clerk within ten days after conviction, of his intention to appeal." He asserts that under Rule 3A:19 it was permissible merely to orally advise the JDR court of his desire to appeal the transfer decision.

Appellant's reliance on Rule 3A:19 and its alleged conflict with Rule 8:20 is misplaced. Rule 3A:19 addresses only appeals from "convictions" and specifically provides that the Rules in Section 3A do not "govern . . . proceedings concerning a child in a juvenile and domestic relations district court . . . ." Appellant, a juvenile, did not attempt to appeal from a JDR court conviction order, and Rule 3A:19 did not govern his attempt to appeal the transfer decision.

Rule 8:20 specifically requires that appeals from the juvenile and domestic relations district courts be noted in writing, and Code § 16.1-269.4 requires appeals from JDR court transfer orders be filed within ten days of the order. Appellant concedes that no written notice of appeal was filed with the clerk within the prescribed time period. He asserts that "the form utilized in district courts for appeal . . . is entirely controlled by the clerk of those district courts and cannot be completed by counsel or anyone other than a clerk." However, as noted by the JDR court clerk, the notice, once prepared, is then signed by "[e]ither the attorney or the defendant." Appellant's counsel concedes that he did not sign the notice until March 7, 2017. In Virginia, "one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril." School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 322 (1989); see also Bendele v. Commonwealth, 29 Va. App. 395, 399, 512 S.E.2d 827, 829 (1999). Here, appellant failed to assure that the necessary form was

completed and signed within the required time period. Accordingly, the trial court did not err in finding that appellant failed to perfect an appeal of the transfer order.

## II.

At the conclusion of the March 8, 2017 hearing, the trial court advised the Commonwealth that it could seek indictments against appellant. The order memorializing the court's ruling was not entered until April 6, 2017. Nevertheless, the Commonwealth obtained indictments on March 14, 2017. Appellant argues that the trial court erred by failing to "quash the indictments in this case when those indictments had been obtained prior to the entry of an order authorizing the Commonwealth to obtain indictments against" him.

Code § 16.1-269.6(B), which creates a procedure for either the juvenile or the Commonwealth to appeal a transfer decision, requires the circuit court:

> (i) if either the juvenile or the attorney for the Commonwealth has appealed the transfer decision, to examine all such papers, reports and orders and conduct a hearing to take further evidence on the issue of transfer, to determine if there has been substantial compliance with subsection A of § 16.1-269.1, but without redetermining whether the juvenile court had sufficient evidence to find probable cause; and (ii) enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment.

We have previously held that "[b]y its own terms, this provision only applies when either party appeals a transfer decision." Lampkins v. Commonwealth, 44 Va. App. 709, 718, 607 S.E.2d 722, 727 (2005) (emphasis omitted). As noted above, appellant failed to perfect his appeal of the transfer decision. Accordingly, the provision does not apply in this case.

In a June 26, 2009 opinion, the Attorney General of Virginia opined that "a circuit court is not required to enter an enabling order where the transfer decision of the juvenile court has not been appealed" and that "a Commonwealth's attorney may seek an indictment after the period

for an appeal has expired, provided no appeal has been noted." 2009 Op. Va. Att'y Gen. 53 (Jun. 26, 2009).

"While an Opinion of the Attorney General is not binding on this Court, it is 'entitled to due consideration.'" Rudolph v. City of Newport News, 67 Va. App. 140, 145, 793 S.E.2d 831, 834 (2016) (quoting Beck v. Shelton, 267 Va. 482, 492, 593 S.E.2d 195, 200 (2004)). "This is particularly so when the General Assembly has known of the Attorney General's Opinion . . . and has done nothing to change it." Id. (quoting Beck, 267 Va. at 492, 593 S.E.2d at 200). "The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view." Beck, 267 Va. at 492, 593 S.E.2d at 200 (quoting Browning-Ferris, Inc. v. Commonwealth, 225 Va. 157, 161, 300 S.E.2d 603, 605-06 (1983)).

"The primary objective of statutory construction is to ascertain and give effect to legislative intent. The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." Turner v. Commonwealth, 67 Va. App. 46, 63, 792 S.E.2d 299, 307 (2016) (quoting Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998)). Consequently, courts apply the plain meaning of a statute "unless the terms are ambiguous or applying the plain language would lead to an absurd result." Tisdale v. Commonwealth, 65 Va. App. 478, 483, 778 S.E.2d 554, 557 (2015) (quoting Baker v. Commonwealth, 284 Va. 572, 576, 733 S.E.2d 642, 644 (2012)).

Prior to a 1996 Amendment, Code § 16.1-269.6(B) provided that:

> The circuit court shall, within a reasonable time after receipt of the case from the juvenile court, (i) examine all such papers, reports and orders; (ii) if either the juvenile or the attorney for the Commonwealth has appealed the transfer decision, conduct a hearing to take further evidence on the issue of transfer, to determine if there has been substantial compliance with [Code] § 16.1-269.1, but without redetermining whether the juvenile court had sufficient evidence to find probable cause; and (iii) enter an

order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment.

Interpreting the pre-amendment statutory language after the 1996 amendments went into effect, the Supreme Court noted that the former statute required the examination of the papers in every case, "even if neither party filed an appeal to the juvenile court's transfer order." Jackson v. Commonwealth, 255 Va. 625, 642, 499 S.E.2d 538, 549 (1998). The Court also observed, however, that "[t]he statute presently in effect does not require the review if the transfer decision is not appealed." Id. at 642 n.4, 499 S.E.2d at 549 n.4 (citing 1996 Va. Acts ch. 755, at 1338).

The 1996 amendment evinced a legislative intent that the review requirement applies only in cases where the transfer decision has been appealed. See 1996 Va. Acts ch. 755, at 1338-1339. We agree with the Attorney General's opinion that just as the review is no longer required in cases that are not appealed, the entry of the enabling order before the Commonwealth may seek indictments is also no longer necessary in cases that have not been appealed, and we so hold.

Here, although the trial court found substantial compliance with subsection A of Code § 16.1-269.1 and advised the attorney for the Commonwealth that he could seek an indictment, the trial court was not required to do so as the transfer decision had not been appealed. See 2009 Op. Va. Att'y Gen. 53 (Jun. 26, 2009). Under that circumstance, the Commonwealth was at liberty to seek the indictments once the period for appeal had expired, which, in this case, was well before the Commonwealth obtained the indictments. Therefore, we find no error with the trial court's denial of appellant's motion to quash the indictments because they were obtained before the entry of the unnecessary April 6, 2017 enabling order.

III.

Appellant argues that the March 17, 2017 grand jury which handed down the indictments "had improperly been convened utilizing the personnel from a grand jury which was convened and discharged on February 27, 2017." He contends that the trial court erred by denying his second motion to quash the indictments on that basis.

Pursuant to Code § 19.2-194, which provides when and how grand jurors are to be selected, between five and nine grand jurors shall be summoned to appear to serve as grand jurors. Furthermore, "[t]hose persons who are to be summoned shall be randomly selected but no such person shall be required to appear more than once until all the others have been summoned once, nor more than twice until the others have been twice summoned, and so on." Code § 19.2-194. Under Code § 19.2-193, "[w]henever a regular grand jury has been discharged, the court, during the term, may impanel another regular grand jury."

Appellant refers to a February 27, 2017 grand jury order entered by the trial court on April 25, 2017. The order is not part of the record on appeal, but it was discussed in detail at the May 1, 2017 hearing on appellant's motion to quash. The order included the names of the grand jurors present at the February 27, 2017 grand jury session. Appellant represented to the trial court that on the last page of that order the court indicated that "the grand jury having nothing further to present was discharged." The March 14, 2017 grand jury was comprised of the same panel as the February 27, 2017 grand jury. Appellant argues that because the grand jury was "discharged" following the February 27 session, the March 14 session should have been comprised of a different group of jurors under Code § 19.2-194 and that, because it was not, the trial court erred by not quashing the indictments.

The trial court reviewed the February 27, 2017 and March 14, 2017 grand jury orders. The trial court explained that when it stated in its order that the grand jury was "discharged," it

- 8 -

meant that the grand jurors were discharged for the day, not for the term. The trial court stated that it informed the grand jury that they were the members of the grand jury for the entire term through April. The trial court told appellant's counsel,

> I mean I realize the order uses that term discharge but you know, words can have more than one meaning and, . . . the order when it uses the term discharge means for that day, and they were paid their *per diem* for that day and they came back in when they were asked to and, and the same thing happened at the end of that day.

Appellant emphasizes that "[a] court speaks through its orders and those orders are presumed to accurately reflect what transpired." Hodgins v. Commonwealth, 61 Va. App. 102, 108, 733 S.E.2d 678, 681 (2012) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)). He reasons that the "grand jury order clearly discharged the grand jury" and that "[o]nce discharge took place, it was wholly improper to use the same panel of grand jurors to indict other persons including [appellant] on March 14, 2017." However, "[a]nother well-established principle in our jurisprudence is that circuit courts have the authority to interpret their own orders." Roe v. Commonwealth, 271 Va. 453, 457, 628 S.E.2d 526, 528 (2006). "Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously." Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002). "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." Id. Here, the trial court, after listening to an audio recording from the end of the February 27, 2017 grand jury session, concluded that the court merely discharged the grand jury for the day and not for the rest of the term. Applying the governing principles, we hold that the trial court's interpretation of the February 27, 2017 order is reasonable and find no abuse of discretion with its determination that the grand jury had not been discharged for the term. Therefore, the same grand jury permissibly handed down the indictments against appellant.

Furthermore, Code § 19.2-194 states that each year, the judge or judges of the circuit court select sixty to one hundred twenty qualified people to be grand jurors for the next twelve months. Although appellant emphasizes that Code § 19.2-194 states that no person shall appear more than once for grand jury service until all of the others have been summoned, the statute also expressly provides:

> The clerk, not more than 20 days before the commencement of each term of his court at which a regular grand jury is required, shall issue a venire facias to the sheriff of his county or city, commanding him to summon not less than five nor more than nine of the persons selected as aforesaid (the number to be designated by the judge of the court by an order entered of record) to be named in the writ to appear on the first day of the court to serve as grand jurors.

Code § 19.2-194 supports the trial court's interpretation of "discharge" because the statute requires the clerk to choose the five to nine people randomly to serve as grand jurors for the term, not one day. Contrary to appellant's arguments, the trial court did not abuse its discretion when it interpreted its order to state that the grand jury members were discharged only for the day, not for the term. Accordingly, we find no error with the trial court's denial of appellant's motion to quash the indictments.

CONCLUSION

For the foregoing reasons, we affirm the trial court's decision and appellant's convictions.

<u>Affirmed.</u>