COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Friedman and Callins


DUANE EUGENE SHOLL

                                                    MEMORANDUM OPINION*
v.        Record No. 1879-24-1                            PER CURIAM
                                                       MARCH 17, 2026
COMMONWEALTH OF VIRGINIA


UPON A REHEARING

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

(Rachel L. Yates; Law Office of Rachel Yates, PLLC, on briefs), for
appellant.

(Jason S. Miyares,[1] Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.


A jury empaneled in the Circuit Court of Gloucester County ("trial court") convicted

Duane Eugene Sholl ("Sholl") of assault of a law enforcement officer, in violation of Code

§ 18.2-57(C). The trial court sentenced him to three years of incarceration with two years

suspended. On appeal,[2] Sholl asserts that the evidence was insufficient to support his conviction.

For the following reasons, we affirm the trial court's judgment.[3]

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] The Court initially dismissed Sholl's appeal because his notice of appeal was defective.
We later granted rehearing, vacated the dismissal order, reinstated the case on the docket, and
granted leave to cure the defect. We decline the Attorney General's request to reconsider that
decision and dismiss the appeal.

[3] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the facts and legal arguments are adequately presented in

## I. BACKGROUND[4]

Sholl was charged with the assault of Deputy Cody Tillage ("Deputy Tillage") of the Gloucester County Sheriff's Office.[5] After a preliminary hearing, the matter was certified to the trial court and the grand jury returned an indictment. After Sholl was arraigned, the matter was set for a jury trial to commence on August 15, 2024.

On the morning of trial, the parties conducted voir dire of the jury venire after which the trial court empaneled a petit jury. Following opening statements, the Commonwealth called Deputy Tillage, who testified that on February 24, 2024, he responded to a car accident whereupon he observed a wrecked white van that was lying on its side. Deputy Tillage testified that he "had reason to believe that the person operating that vehicle at the time was armed and dangerous." He further testified that he then drew his firearm and approached the van. Deputy Tillage then claimed that he could not see if anyone was in the vehicle and thus began "calling out to the person in the vehicle" to determine if they were uninjured. Deputy Tillage testified that Sholl responded from inside the van, stating, "I'm good." Deputy Tillage then asked Sholl to climb out of the overturned van, but Sholl said that he could not do so. Deputy Tillage then asked Sholl to place his hands through the van window, and Sholl did so. Deputy Tillage further testified that after Sholl's hands were visible, he "figured it was safe" and "holstered [his] weapon." Deputy Tillage stated that he then "tried to help [Sholl] out of the vehicle."

---

the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

[4] On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)).

[5] Sholl was also charged with driving under the influence, but this charge was ultimately struck by the trial court on Sholl's renewed motion to strike.

Deputy Tillage explained to the jury that after he asked Sholl to climb out of the van, Sholl "crouched back down into the vehicle" and began "rummaging around in the floor." Deputy Tillage then instructed Sholl to show his hands and stop "digging." Sholl then replied, "I'm not digging," and he showed Deputy Tillage his hands. Deputy Tillage testified that Sholl then "reached back into the floor" and Deputy Tillage "heard something slide across the door" that Sholl was standing on. Deputy Tillage testified that he "looked down into the vehicle and [he] saw that there was a gun." Deputy Tillage commanded Sholl not to grab the firearm, but Sholl disregarded his command. As a result, Deputy Tillage drew his firearm again and instructed Sholl multiple times to put the gun down. Instead of complying, Sholl stood up, "pulled the gun up out of from where he had it by his side[,] and pointed the barrel" at Deputy Tillage. Deputy Tillage testified that in that moment, he "ducked" and "moved away" because he felt that "[Sholl] was going to shoot [him] in the head." Deputy Tillage's body camera showed that Sholl dropped the firearm after multiple other law enforcement officers surrounded the van, leading to Sholl's arrest. The firearm was admitted into evidence, along with Deputy Tillage's body camera footage and some still photographs taken from the body camera footage.

At the conclusion of the Commonwealth's case-in-chief, Sholl made a motion to strike the assault of a law enforcement officer charge, which the trial court denied. Sholl did not put on any evidence and renewed his motion to strike, which the trial court again denied. After both parties made their closing arguments, the trial court instructed the jury on the law applicable to the case. The jury deliberated and returned its verdict finding Sholl guilty of assault of a law enforcement officer. Sholl subsequently filed a motion to set aside the verdict, which the trial court also denied. The trial court sentenced Sholl to three years of incarceration with two years suspended. Sholl appealed.

II. ANALYSIS

A. *Standard of Review*

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010).

B. *The evidence was sufficient to convict Sholl of assault of a law enforcement officer.*

Sholl assigns error to the trial court's denial of his motions to strike and to set aside the verdict, contending that "the evidence does not show that [he] intended to harm or scare Deputy Tillage." Assuming without deciding that Sholl has preserved this assignment of error, we disagree.[6]

---

[6] In the trial court, Sholl challenged the existence of an "overt act." But on appeal, his argument focuses on an alleged lack of evidence in the record to prove intent. Rather than determine whether Sholl's objection at the trial court meets the requirements of Rule 5A:18, we assume without deciding that Sholl's argument is preserved. "[I]n cases where the ability of [this] Court to review an issue on appeal is in doubt, we may 'assume without deciding' that the issue can be reviewed provided that this permits us to resolve the appeal on the best and narrowest grounds." *McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018).

A person who commits an assault of a law enforcement officer is guilty of a Class 6 felony. Code § 18.2-57(C). "Code § 18.2-57 does not define assault," so we look to its common law definition. *Blankenship v. Commonwealth*, 71 Va. App. 608, 620 (2020). As relevant here, the Commonwealth must establish that the defendant "engaged 'in an overt act intended to place the victim in fear or apprehension of bodily harm,' which did in fact create 'such reasonable fear or apprehension in the victim.'" *Id.* (quoting *Clark v. Commonwealth*, 54 Va. App. 120, 128 (2009)).

"The determination of a defendant's intent 'presents a factual question which lies peculiarly within the province of the [trier of fact].'" *Fary v. Commonwealth*, 77 Va. App. 331, 343 (2023) (en banc) (quoting *Hughes v. Commonwealth*, 18 Va. App. 510, 519 (1994) (en banc)), *aff'd*, 303 Va. 1 (2024). Given that "[i]ntent is the purpose formed in a person's mind," the Commonwealth may—and often must—establish it by circumstantial evidence, including the defendant's words and conduct. *Secret v. Commonwealth*, 296 Va. 204, 228-29 (2018). The factfinder may "draw reasonable inferences from basic facts to ultimate facts." *Fary*, 77 Va. App. at 349 (quoting *Musacchio v. United States*, 577 U.S. 237, 243 (2016)). Specifically, a factfinder may infer that the defendant "intend[ed] the natural, probable consequences of his . . . actions." *Commonwealth v. Perkins*, 295 Va. 323, 330 (2018) (quoting *Ellis v. Commonwealth*, 281 Va. 499, 507 (2011)). We will not disturb the factfinder's inferences unless they enter "the realm of non sequitur." *Fary*, 77 Va. App. at 349 (quoting *Perkins*, 295 Va. at 332).

Here, while Deputy Tillage was trying to assist Sholl in getting out of his wrecked van, he saw a firearm located near Sholl's feet. Despite Deputy Tillage's explicitly directing Sholl not to touch the firearm, Sholl reached down and grabbed the handgun. Deputy Tillage then repeatedly ordered Sholl to drop the firearm. Instead, Sholl raised his arm and pointed the firearm toward Deputy Tillage's head. Fearing for his life, Deputy Tillage retreated. Viewing this evidence in the light most favorable to the Commonwealth, a rational factfinder could conclude that Sholl had the

requisite intent to place Deputy Tillage "in fear or apprehension of bodily harm" by pointing the firearm at him. *Blankenship*, 71 Va. App. at 620 (quoting *Clark v. Commonwealth*, 54 Va. App 120, 128 (2009)).

Sholl characterizes his act of grabbing and raising the firearm as "imprudent[]," "unthinking," and "impulsive" but "done without ill will." Although this characterization was an appropriate argument for him to advance to the jury at trial, the jury was not required to believe that Sholl's ill-advised actions were innocent. Rather, the jury could have found that Sholl intended the natural and probable consequence of pointing a loaded firearm at a law enforcement officer: that the officer would believe—as Deputy Tillage did—that Sholl, who had repeatedly disregarded directives to put down the firearm, was about to shoot him, placing the officer in reasonable fear of bodily harm. Accordingly, the trial court did not err in denying Sholl's motions to strike the evidence and set aside the jury's verdict.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Wednesday** *the* **5th** *day of* **March, 2025**.


Duane Eugene Sholl,                                                                          Appellant,

 against                    Record No. 1879-24-1
                           Circuit Court No. CR24000137-00

Commonwealth of Virginia,                                                                    Appellee.


### Upon a Petition for Rehearing


On February 21, 2025, the appellant, by counsel, filed a petition for rehearing in which he asked the Court to set aside its February 7, 2025 order dismissing the appeal.  The appellant also filed a motion for leave to cure the defect in his notice of appeal pursuant to Code § 8.01-271.1.  The Commonwealth filed an objection to the motion for leave to cure the defect.

On consideration whereof, the petition for rehearing is granted.  The Court vacates the February 7, 2025 order dismissing the appeal and reinstates the case on the docket of the Court.  Upon further consideration whereof, the Court grants the appellant's motion for leave to cure the defect in his notice of appeal.  The briefing schedule in this case shall commence from the date of entry of this order.


A Copy,

Teste:

A. John Vollino, Clerk

By:             *Original order signed by a deputy clerk of
                the Court of Appeals of Virginia at the
                direction of the Court*

Deputy Clerk

# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Friday**   *the*  **7th**  *day of*  **February, 2025**.

Duane Eugene Sholl,                                                                               Appellant,

 against            Record No. 1879-24-1
                    Circuit Court No. CR24000137-00

Commonwealth of Virginia,                                                                    Appellee.

From the Circuit Court of Gloucester County

"[N]o appeal will be allowed unless, within 30 days after entry of [an] appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6(a). Settled precedent holds "that a pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity." *Shipe v. Hunter*, 280 Va. 480, 483 (2010) (collecting cases).

The record reflects that the notice of appeal in this case was not signed by the appellant or a member of the Virginia State Bar, but by an individual acting as appellant's attorney-in-fact. The signatory is not licensed to practice law in Virginia. Accordingly, this case is dismissed. *See Turner v. Commonwealth*, 2 Va. App. 96 (1986).

This order shall be certified to the trial court.

A Copy,

Teste:

A. John Vollino, Clerk

By:            *Original order signed by a deputy clerk of
                the Court of Appeals of Virginia at the
                direction of the Court*

               Deputy Clerk